ORIGINAL

# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 13-100C
(Filed: June 26, 2013)

**FILED**
JUN 26 2013
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| SAMY GHARB, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant, | ) |
| and, | ) |
| ROCKWELL AUTOMATION et al., | ) |
| Defendant-Intervenors. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court are the motions of the United States ("the defendant" or "the government") and the defendant-intervenors, a group of private corporations and individuals, to dismiss pro se plaintiff Samy Gharb's complaint under the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the government's motion is **GRANTED** and the plaintiff's complaint is **DISMISSED**. Accordingly, the court does not have occasion to reach the defendant-intervenors' motion.

I.   **Background**[1]

On February 5, 2013 Mr. Gharb filed this patent infringement case[2] against the United States, Rockwell Automation, and multiple other private and government defendants claiming that all had infringed his U.S. Patent No. 6,552,654 ("patent '654" or "the '654 patent") in violation of 28 U.S.C. § 1498(a)[3] and various other statutes. Patent '654, which was approved in 2003, was entitled "Security System with a Mobile Telephone"[4] and expired on April 22, 2007. Mr. Gharb's nearly 100-page complaint, which includes a litany of photocopied websites, rules, and other various statements,

---

[1] When considering a motion to dismiss for failure to state a claim, the court accepts as true the plaintiff's allegations as set forth in the complaint. See, e.g., Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citation omitted).

[2] In addition to this action, Mr. Gharb has filed four other similar actions against the United States and other private entities in the United States Court of Federal Claims, all claiming that they too have infringed patent '654. See Gharb v. United States, No. 13-089C (Fed. Cl. filed Feb. 1, 2013); Gharb v. United States, No. 12-913C (Fed. Cl. filed Dec. 26, 2012); Gharb v. United States, No. 12-911C (Fed. Cl. filed Dec. 26, 2012); Gharb v. United States, No. 12-910C (Fed. Cl. filed Dec. 26, 2012).

[3] 28 U.S.C. § 1498(a) provides a cause of action against the United States in the United States Court of Federal Claims for cases where "an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same. . . ." The statute further provides that "the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States." 28 U.S.C. 1498(a).

[4] The '654 patent is for a security system design utilizing five programmable logic controllers ("PLCs") allowing for security breaches to be reported via a mobile telephone connection utilizing the global system for mobile communications ("GSM") wireless standard. See Unitronics (1989) (R"G) Ltd. v. Gharb, 511 F. Supp. 2d 123, 126-27 (D.D.C. 2007). A PLC is a computer device used in industrial control systems. Id. at 126. GSM refers to specifications defining the operation of certain cellular communications networks over which information like voice calls, text messages, and other forms of data can travel. Id.

appears to allege that Rockwell Automation infringed patent '654 by manufacturing and selling PLCs with GSM capability. The complaint further alleges that the United States is liable for the infringement because Rockwell Automation sold PLCs with integrated GSM capability to the United States government. Mr. Gharb is seeking $3 billion in damages in connection with the alleged infringement, which he asserts began in 2000 and continued through 2007.

Prior to his aforementioned filings before this court, Mr. Gharb has been involved in numerous cases connected to patent infringement claims associated with the '654 patent. In 2006, Mr. Gharb was party to an action in the United States District Court for the District of Columbia in which Unitronics (1989) (R"G) Ltd., an Israeli company, and its United States subsidiary, Unitronics, Inc. (collectively, "Unitronics"), sued Mr. Gharb seeking a declaratory judgment that it had not infringed the '654 patent by manufacturing PLCs with GSM functionality. Unitronics (1989) (R"G) Ltd. v. United States, 511 F. Supp. 2d 123 ( D.D.C. 2007). Mr. Gharb argued there, as here, that Unitronics infringed his patent by manufacturing such a device because, according to Mr. Gharb, the '654 patent covers any PLC with GSM capabilities. Id. at 128. The trial court agreed with Unitronics and issued a declaratory judgment holding that the manufacture and sale of PLCs with GSM functionality does not in itself infringe Mr. Gharb's patent. Id. at 134. The court interpreted Mr. Gharb's patent as covering a particular security system utilizing PLCs with GSM capabilities (among other elements) and not merely for PLCs with GSM capabilities themselves. Id. The court determined that the manufacture and sale of PLCs

3

with GSM capabilities does not amount to infringement of the '654 patent unless the PLCs are part of a larger security system meeting all of the patent's elements. Id.

Mr. Gharb appealed to the Federal Circuit, which affirmed the trial court's decision. Unitronics (1989) (RG) Ltd. v. Gharb, 318 F. App'x 902 (Fed. Cir. 2008). The Federal Circuit expressly held that Mr. Gharb had failed to understand that "it was not enough for [him] to prove Unitronics sold PLCs that could communicate over GSM. To prove infringement, he was required to show that Unitronics's devices met all of the limitations of the claim." Id. at 905 (emphasis in original). The Federal Circuit reiterated that because Mr. Gharb based his infringement action solely on the grounds that Unitronics's devices are PLCs that can communicate over GSM and had failed to present any facts to show that Unitronics had infringed on all of the limitations of the patent's claim, Mr. Gharb had failed to set forth a claim for infringement. Id.

Despite his loss in the Federal Circuit, Mr. Gharb went on to make similar patent claims against other companies that Mr. Gharb argued had also infringed on his '654 patent by selling PLCs that can communicate over GSM using a mobile phone.[5] The present case arises from one of those actions, Gharb v. Rockwell Automation, in which Mr. Gharb filed a complaint against Rockwell Automation, on March 22, 2011, alleging essentially the same infringement claim previously lodged against Unitronics. 2011 WL 5373989, at *1. On November 4, 2011, the United States District Court for the Northern

---

[5] Other cases filed by Mr. Gharb include Gharb v. Mitsubishi Electric Automation, No. 10-C-07204, 2012 WL 1986435 (N.D. Ill. June 4, 2012), Gharb v. Schneider Electric SA, No. 10-C-7673, 2011 WL 6156746 (N.D. Ill. Dec. 12, 2011), and Gharb v. Rockwell Automation, No. 11-cv-405, 2011 WL 5373989 (N.D. Ill. Nov. 4, 2011) ("Rockwell Automation").

4

District of Illinois dismissed Mr. Gharb's case for failure to state a claim upon which relief could be granted. Id. at *4. The court explained that, among other deficiencies, Mr. Gharb's complaint was premised on the same incorrect understanding of law identified by the Federal Circuit in Unitronics in that it was predicated only on the manufacture and sale of PLCs with GSM capabilities rather than on all the limitations of the '654 patent. Id. at *5 ("Completely ignoring the Federal Circuit's instructions, [Mr. Gharb's] complaint makes no allegation that any product sold by or to any of the Defendants contains each limitation of the claims of the '654 patent."). The court also rejected Mr. Gharb's infringement claim against the United States on the grounds that it lacked jurisdiction under 28 U.S.C. § 1498, which requires that infringement claims against the United States be brought in the United States Court of Federal Claims. Id. at *6 (citing Trojan, Inc. v. Shat-R-Shield, Inc., 885 F.2d 854, 856 (Fed. Cir. 1989)).

Recognizing the district court's jurisdictional limitation, Mr. Gharb filed the pending action, which is a virtual copy of the action he filed in the Northern District of Illinois, against the United States and Rockwell Automation (together with dozens of other named defendants). In this case, however, Mr. Gharb alleges jurisdiction under 28 U.S.C. § 1498. The government and defendant-intervenors have moved to dismiss the pending action on the primary ground that Mr. Gharb has failed to state a claim for infringement against the United States and the defendant-intervenors.

## II. The plaintiff does not state a claim against the government upon which relief can be granted

This court must dismiss a complaint pursuant to RCFC 12(b)(6) when the facts asserted do not give rise to a legal remedy. Laguna Hermosa Corp. v. United States, 671 F.3d 1284, 1288 (Fed. Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that raise the right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). The factual support must be sufficient to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation removed). A facially plausible claim requires the plaintiff to plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. While the court does not require detailed factual allegations, the plaintiff's complaint must provide "more than labels and conclusions" in support of the claim. Twombly, 550 U.S. at 555.

Here, even construing Mr. Gharb's complaint as liberally as possible in his favor, it is clear that his complaint falls short of allegations necessary to support a facially plausible infringement claim against the government. Mr. Gharb's failure to heed the Federal Circuit's and the Rockwell Automation court's instructions regarding the need to allege sufficient facts for all the '654 patent's elements is fatal to his case. Mr. Gharb has once again based his entire infringement claim on the alleged sale of PLCs capable of communicating over GSM. The Federal Circuit has made clear in Unitronics that these allegations are not sufficient to state a claim for infringement of patent '654. Mr. Gharb, therefore, fails to state a claim for patent infringement against the United States under 28

U.S.C. § 1498(a) since he cannot—and has not—stated an underlying patent infringement claim against Rockwell Automation (or any other defendant) in the first instance.

Further, to the extent that the complaint makes allegations for patent infringement against the government, rather than Rockwell Automation and the other private plaintiffs, the allegations are presented in only the barest and most conclusory manner. Beyond stating that "[t]he government is directly liable for infringement by its contractors," Compl. 39, the complaint contains absolutely no further mention of the government or any specific factual allegations that can reasonably serve as a basis for a plausible infringement claim under 28 U.S.C. § 1498(a). Bare legal conclusions, such as those contained in Mr. Gharb's complaint, are not sufficient to state a claim for relief. Todd Const., L.P. v. United States, 656 F.3d 1306, 1316 (Fed. Cir. 2011); Rice v. United States, No. 08-734C, 2009 WL 607404, at *4-5 (Fed. Cl. March 10, 2009). As such, this court has no choice but to dismiss Mr. Gharb's case.[6]

### III. Conclusion

For all of the above reasons, the government's motion to dismiss is **GRANTED** and the plaintiff's complaint is therefore **DISMISSED** in full.[7] The clerk is directed to enter judgment accordingly. The plaintiff shall be responsible for costs.

---

[6] The court has also considered materials Mr. Gharb submitted along with his briefing that he alleges demonstrate contractual relationships between the government and certain defendants—including Rockwell Automation—to purchase PLCs with GSM capabilities. Even if the court accepted that such contractual relationships existed, Mr. Gharb would still fail to state a claim against the United States because, as stated above, he cannot state a patent infringement claim against any of the private defendants.

[7] Having concluded that the court must dismiss Mr. Gharb's case against the United States because he failed to state a claim for relief against the United States, the court does not reach the

IT IS SO ORDERED.

                                                          /s/ Nancy B. Firestone
                                                          NANCY B. FIRESTONE
                                                          Judge

---

government's alternative grounds for seeking dismissal and further **DENIES** the defendant-intervenors' motion to dismiss as moot. See, e.g., Potter v. United States, 424 F. App'x 941, 943 (Fed. Cir. 2011) (noting that the Court of Federal Claims does not have jurisdiction to consider claims between private parties).